UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA DIAZ : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:11-cv-317 (VLB) |
| : | |
| MICHAEL J. ASTRUE, : | |
|     COMMISSIONER : | September 5, 2012 |
| SOCIAL SECURITY ADMINISTRATION, : | |
|     Defendant : | |

**MEMORANDUM OF DECISION ADOPTING THE RECOMMENDED RULING, GRANTING THE PLAINTIFF'S MOTION TO REMAND AND DENYING THE COMMISIONER'S MOTION TO AFFIRM**

Before the court is the plaintiff, Diana Diaz's Motion for Order Reversing the Decision of the Commissioner or in the Alternative, Motion for Remand for a Rehearing.  [Dkt. 18].  In response, the Commissioner has filed a Motion for Order Affirming the Decision of the Commissioner.  [Dkt. 23].  The plaintiff has responded to the Commissioner's reply with a Memorandum to Defendant's Motion for Order Affirming the Decision of the Commissioner.  [Dkt. 24].  Having reviewed Magistrate Judge Thomas P. Smith's recommended ruling [Dkt. 25], the Court ADOPTS his recommended ruling for the reasons discussed below.  To the extent the plaintiff requests a remand for another hearing, that motion is GRANTED but to the extent she seeks an order reversing the decision of the Commissioner, that motion is DENIED.  The Commissioner's motion for an order affirming his decision is DENIED.

1

I.     Administrative Proceedings

On October 17, 2007, the plaintiff Diana Diaz completed an application for social security benefits alleging that she became disabled on March 1, 2006. [Tr. 109]. The plaintiff filed this application alleging that she is limited in her ability to work due to bipolarity, chronic depression and chronic migraines. [Tr. 146]. Furthermore, she stated that she stopped working because of an altercation with her manager and because she was having trouble communicating with her colleagues. [Tr. 146]. Plaintiff stated that her illness is "pretty annoying" but that she is able to watch TV and complete her house chores, groom herself and prepare her meals. [Tr. 156-58]. She also stated that she does "very well" following spoken instructions but that she does not take direction from authority figures and that she does not handle stress very well. [Tr. 159]. The plaintiff's application was denied and then she requested a hearing before an Administrative Law Judge ("ALJ"). [Tr. 61]. ALJ Henry J. Hogan held a hearing on September 14, 2010, which consisted of testimony by the plaintiff and a vocational expert ("VE"). [Tr. 17]. The ALJ then issued his decision on September 24, 2010, finding that the plaintiff was not disabled and, therefore not entitled to supplemental security income ("SSI"). [Tr. 15].

The ALJ applies a five-step sequential evaluation process to an application for supplemental security income. First, the ALJ determines whether the claimant is performing substantial gainful work activity. 20 C.F.R. §416.920(a)(4)(i). If the claimant is not performing such activity, the ALJ proceeds to the second step to determine whether the claimant has a severe medically

determinable physical or mental impairment or combination of impairments. §416.920(a)(4)(ii). The impairment must be expected to result in death or must last or be expected to last for a continuous period of at least twelve months. §416.909. If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment meets or equals an impairment listed in appendix 1 of the applicable regulations. §416.920(a)(4)(iii). If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.

If the claimant does not have a listed impairment, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. §416.920(a)(4)(iv). RFC is defined as the most that a claimant can do despite the physical and mental limitations that affect what he can do in a work setting. §416.945(a)(1). If the claimant's RFC indicates that he cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of his RFC, age, education, and work experience. §416.920(a)(4)(v). The claimant is entitled to supplemental security income if he is unable to perform other such work. The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

In the present case, the ALJ determined that the claimant meets the insured status requirements of the Social Security Act through March 13, 2013, that she has not engaged in substantial gainful activity since October 17, 2007, and that the plaintiff has the following severe impairments: bipolar disorder,

post-traumatic stress disorder, personality disorder, and a history of substance abuse as defined under 20 CFR 404.1520(c) and 416.920(c).  [Tr. 9].  However, the ALJ determined that she does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  [Tr. 10].  Finally, the ALJ determined that the claimant has the RFC to perform work at the medium exertional level, but that she should be limited to work with only one or two-step tasks in a low stress job defined as having no decision making required and no changes in the work setting.  [Tr. 11].  Further, the ALJ stated that she can have no interaction with the public and only occasional interaction with co-workers.  [Tr. 11].  Considering the claimant's age, education, RFC, and the transferability of skills, the ALJ determined that there are jobs existing in a significant number in the national economy that she can perform.  [Tr. 14].  The ALJ concluded that the claimant has not been under a disability from October 17, 2007 through the date of the decision.  [Tr.15].  The Decision Review Board selected plaintiff's claim for review but then notified her on December 29, 2010 that it had failed to complete its review of the ALJ's decision within the required 90 days.  [Tr. 1].  The ALJ's decision thus became final.

On February 28, 2011, the plaintiff filed the instant appeal and on March 3, 2011, the case was referred to Magistrate Judge Thomas P. Smith ("Judge Smith").  On August 22, 2011, the plaintiff filed a Motion for Order Reversing the decision of the Commissioner or in the Alternative Motion for Remand for a Rehearing [Dkt. 18].  She argued that the Commissioner's decision was not based

on substantial evidence and that she did not receive a full and fair hearing. On November 4, 2011, the Commissioner filed a Motion for Order Affirming the decision of the Commissioner arguing that substantial evidence in the record did support his adverse finding. [Dkt. 23]. On November 16, 2011, the plaintiff responded by filing a Reply Memorandum to Defendant's Motion for Order Affirming the Decision of the Commissioner arguing that the ALJ's decision was not based on substantial evidence because he misinterpreted the record and applied vague, unclear language.

On August 2, 2012, Judge Smith issued an Opinion recommending that the claim be remanded for further proceedings because the ALJ's determination was not based on substantial evidence. [Dkt. 25]. Judge Smith's recommendation was based on the singular issue that the ALJ failed to clarify an apparent discrepancy between the Dictionary of Occupational Titles ("DOT") Scale of General Educational Development Level 1 and Level 2. Opinion p.26-28. Judge Smith's reasoning was based on SSR 00-4 which "imparts an affirmative responsibility upon the ALJ to ask the VE about possible conflicts." Id. at p. 26. Judge Smith concluded that the apparent discrepancy between the VE's recommendation and the ALJ's limitation deprived the claimant her opportunity for a full and fair hearing. For that reason alone, Judge Smith recommended a remand for a new hearing. Id. at p.28-29.

For the reasons discussed below, the Court agrees with Judge Smith and remands for a new hearing.

## II. Standard of Review

Following the denial of a supplemental security income claim, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); see also *id.* §1383(c)(3).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)).

## III. Discussion

Social Security Rulings ("SSR") are promulgated "under the authority of the Commissioner of Social Security. They are binding on all components of the Social Security Administration. These rulings represent precedent final opinions

and orders and statements of policy interpretations that [the agency] has adopted." 20 C.F.R. §402.35(b)(1).  SSR 00-4p is a statement of policy and interpretation that has been adopted by the Administration that describes the use of vocational expert and vocational specialist evidence.

> **This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and Explain in the determination or decision how any conflict that has been identified was resolved.**

*Id*.  The Policy Interpretation details a responsibility of the ALJ to ask about conflicting evidence:

> **When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:**
> > **Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and**
> > **If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.**

*Id*.  ALJ's are further obligated to explain the resolution of the conflict on the record:

> **When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to**

7

> **support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.**

*Id.* Thus, an ALJ is required to inquire on the record whether or not the VE's testimony was consistent with the information in the DOT and to resolve any discord. *Id.*

Upon review by the District Court, the failure of an ALJ to clearly resolve a discrepancy between testimony and an ultimate finding is viewed under the responsibility of the Commissioner to provide substantial evidence of occupations at step 5 of the sequential evaluation process. Discussed *supra* at p.3. *See also* 20 C.F.R. §404.1520; *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986)(noting that the record must contain positive evidence in support of the Commissioner's findings regarding the plaintiff's RFC to perform such other work). Reviewing courts have applied SSR 00-4p and held that the Commissioner did not produce substantial evidence that there are jobs in the national economy when the ALJ fails to inquire about an "apparent unresolved conflict" between the VE's testimony and the DOT. *See Mimms v. Heckler*, 750 F.2d 180 (2d Cir. 1984)(remanding because the Secretary failed to demonstrate the existence of substantial gainful employment when the ALJ fails to reconcile "sedentary, semi-skilled" with "light work."); *Munoz v. Astrue*, No. ED CV 11-2042-E, 2012 WL 2974669 at *2 (C.D.Cal. July 20, 2012)(noting that material error exists where there is an apparent unresolved conflict between the VE's testimony and the DOT). *But See Abrew v. Astrue*, 303 Fed. Appx. 567 (9th Cir.

8

2008)(finding that the VE's testimony that her findings were consistent with the DOT coupled with the ALJ's RFC determination being supported by substantial evidence were sufficient to affirm). Furthermore, the reviewing courts have found that the ALJ resolved an inconsistency between reasoning development levels after the hearing in the written decision, as required by SSR 00-4p. *See e.g. Khem v. Astrue*, No. CIV S-08-493, 2009 WL 3246944, *3 (E.D.Cal. Sept. 30, 2009)(finding no error with respect to claimed inconsistencies because the ALJ modified level 2 language such that it was not inconsistent with reasoning level 1 tasks opined by the VE and because the VE recommended both level 1 and level 2-defined functions); *Carrigan v. Astrue*, 2011 WL 4372651 at *10-11 (D.Vt. Aug. 26, 2011)(finding a consistency between the VE's testimony and the RFC determination and remanding for the ALJ's failure to reconcile either during the hearing or in the Decision).

Finally, reviewing courts have also distinguished between material error, requiring remand for further proceedings, and immaterial error, not requiring remand or reversal. *See, e.g. Mattison v. Astrue*, No. 09-C-60, 2010 WL 446051 (E.D. Wisconsin Feb. 2, 2010)(remanding where the ALJ "short-circuited the inquiry . . . leaving unresolved two potential conflicts with the DOT."); *Sanchez v. Barnhart*, 329 F.Supp.2d 445 (S.D.N.Y. 2004)(remanding finding the incorrect assertion by VE that her testimony was consistent deprived ALJ of opportunity to inquire and render an informed decision); *See also Munoz* at *5 (finding ALJ's determination of claimant's capacity obscure and therefore material, remanding for further proceedings). Courts have affirmed the decisions of the ALJ and held

9

that an unresolved inconsistency is harmless error where the apparent inconsistency is obviated by DOT task functions and descriptions for VE recommended jobs that are synonymous to the ALJ's RFC determination. *See, e.g. Renfrow v. Astrue*, 496 F.3d 918 (8th Cir. 2007)(Commissioner concedes error not to ask on the record about the apparent inconsistency between the reasoning levels but court finds error is harmless because the DOT tasks for the jobs identified by the VE were consistent with the ALJ's RFC); *Lara v. Astrue*, 305 Fed. Appx. 324 (9th Cir. 2008)(finding harmless error in the unresolved inconsistency because substantial evidence supported one of two reasoning development levels); *Khem v. Astrue*, No. CIV S-08-493 KJM, 2009 WL 3246944 (E.D.Cal. Sept. 30, 2009)(finding no error with respect to claimed inconsistencies because 1) the plain language of the reasoning development level was synonymous with the RFC and 2) because the VE recommended several jobs of different reasoning development levels). Therefore, where the determination of the ALJ is clear from the record and any inconsistencies are explained, courts have found claimed error to be harmless. Otherwise, remand for further administrative action is necessary.

In this case, the ALJ stated in his decision that there is no conflict between the VE's testimony and his determination. In his Decision, ALJ Hogan states:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform work at the medium exertional level, but with the following nonexertional limitations: she is limited to work with only one or two step tasks in a low stress job defined as having no decision making required and no changes in the work setting. She can have no interaction with the public and only occasional interaction with co-workers. The work is isolated with only occasional supervision.

10

**[Tr. 11]**

>   **The DOT Reasoning Development Level One is defined as the ability to:**
>
>   **Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.**

**DOT, Scale of General Education Development (GED) Reasoning Development, Level 1.**

**The transcript shows that the ALJ initiated the VE's testimony by asking her to resolve any conflicts:**

>   **If there are any inconsistencies between your testimony and terms and provisions of the Dictionary of Occupational Titles and Selected Characteristics of Occupations, will you advise me of them during this hearing?**

**[Tr. 34]  In response to the hypothetical posed by the ALJ, the VE opines that Ms. Diaz can perform unskilled work of a Machine Operator at medium level, 920.685.078, Hand Packer, 920.587.018, and Laundry Worker, 302.685.010 for the claimant Diana Diaz.  [Tr. 36].  The DOT defines all of these recommendations as reasoning development Level 2.  The job descriptions for each position mention nothing about the amount of interactions the occupant would have with colleagues and supervisors.  The transcript does not show that the ALJ followed the recommended occupations with any further questions of the VE regarding capacity or reasoning development of the claimant.**

>   **Reasoning development level two is defined as the ability to:**
>
>   **Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.**

DOT, Scale of General Education Development (GED) Reasoning Development, Level 1.

At the conclusion of his decision and after reiterating the recommendations of the VE, the ALJ summarily states that there is no conflict. "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." [Tr. 15]. The ALJ begins his written analysis similar to the trial testimony; that the claimant can perform "medium exertional level" work with the impeding limitations of assignments "with only one or two step tasks in a low stress job defined as having no decision making required and no changes in the work setting." [Tr. 11 & 15]. Without so stating, this Level 1 language is juxtaposed against the immediately following three occupations recommended by the VE, all of which require reasoning development level 2. [Tr. 15].

The Court agrees with Judge Smith's recommended ruling and finds a conflict between the VE's recommendations and the determination of the ALJ. At no point when the VE was on the stand recommending occupations all with a DOT Level 2 did the ALJ ask the VE to reconcile the development Level 1 and 2 inconsistency. The ALJ also did not explain how the VE's recommendations were consistent with his decision in the written opinion.

The jargon used by the ALJ in his RFC finding and the DOT position descriptions are not apparently equivalent in this case, the job descriptions make no indication of interpersonal contact from which the ALJ limits the claimant, and all VE occupation recommendations require a reasoning development Level 2.

The ALJ's intendment ultimately is unclear from the record.  SSR 00-4p requires the ALJ to afford no room for conjecture where there is an apparent conflict between the VE's testimony and the DOT and a resolution by this Court would be unduly conjectural in the absence of clarification from the ALJ.  *See Munoz* at *4 (noting that even parallelism of language between the RFC determination and the DOT recommended occupations without reconciliation is "sufficiently significant to require remand on similar facts"); *Mattison* at *3-4 (remanding for further proceedings where "the ALJ short-circuited the inquiry . . ., leaving unresolved two potential conflicts with the DOT.").   This Court finds the ALJ's conclusive statement at the end of his Decision to be insufficient because the plaintiff never received an explanation for the resolution of the inconsistency between the DOT characteristics and the RFC finding when her benefits were denied.

Although the ALJ apparently resolved the discrepancy in the claimant's favor, finding her to be capable of performing at the reasoning capacity level 1 rather than the reasoning development level 2, the determination circumvents the required reconciliation.  Therefore, as having failed to inquire and reconcile on the record as required by the commissioner's ruling codified at SSR 00-4p, the case must be remanded to the ALJ for further administrative proceedings.

The Court notes that Judge Smith's Opinion recommends a finding by this Court that all of the issues raised by the plaintiff in her Motion to Reverse be denied.  The only grounds upon which Judge Smith's Opinion recommends remand is for the specific purpose of affording the plaintiff a full and fair hearing; a right that was denied solely for failure of the ALJ to inquire as to the

13

discrepancy between the VE's testimony and the findings written in the ALJ's decision.  This issue was not raised by the plaintiff in her appeal to the District Court.  The Court also notes that the Commissioner has filed an objection to the Recommended Ruling.  [Dkt. 26].  In that objection, the Commissioner argues that substantial evidence supports the ALJ's determination, that there is a consistency between the VE's recommendation of Level 2 jobs and the ALJ's RFC determination, and that the decision should therefore be affirmed.  Id. at 3 - 5.

The Commissioner's argument misses the point discussed by Judge Smith on pages 24 - 28 of his Opinion and the cases relied on by the Commissioner in his objection are not dispositive of the issue at hand.  [Dkt. 25]  For example, *Pepin* is highly persuasive of a finding here that Level 1 and 2 can be consistent.  *Pepin v. Astrue*, Civil No. 09-464-P-S, 2010 WL 3361841 (D.Me. Aug. 24, 2010).  But that recommended decision does not indicate that the ALJ complied with SSR 00-4p's requirement to explain the rationale on the record or discuss the issue of harmless error.  It is distinguishable from Judge Smith's recommendation that this Court find and this Court agrees that the SSR imposes an affirmative duty on the ALJ to inquire of the VE on the record when there is a material, apparent discrepancy between the VE's recommendations and the claimant's limitations.  The Opinion of Judge Smith does not recommend nor does this Court find that there is no inconsistency between the occupations suggested by the VE (DOT reasoning development Level 2) and the finding of the ALJ on page 5 of his Decision (descriptions paralleling the language from DOT reasoning development

Level 1). As discussed above, such a ruling would be based on an impermissible inference founded solely on conjecture of what the VE might have said in response to a question the ALJ should have asked on the record with the claimant present. Without a complete record, this Court cannot discern whether this failure to reconcile was harmless or harmful in as much as reasoning development level 1 may be subsumed within reasoning development 2. However, this Court should not resort to conjecture any may only render its decision based on the record. Therefore this Court agrees with Judge Smith's opinion that the failure to inquire on the record was material and that it cannot be resolved by this Court with fidelity to SSR 00-4p. Accordingly this case is remanded for further administrative proceedings on this narrow reconciliatory issue.

## IV. Conclusion

The Court ADOPTS Judge Smith's recommended ruling to the extent it recommends a remand for further administrative proceedings. Accordingly, the plaintiff's motion to reverse and remand [Dkt. 18] is GRANTED, and the Commissioner's motion to affirm [Dkt. 23] is DENIED. The Clerk is directed to close this case.

                                      IT IS SO ORDERED.
                                      _____/s/_____
                                      Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: September 5, 2012.